
RECEIVED
IN MONROE, LA
DEC 1 7 2008
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | | |
|---|---|---|
| SOUTHEAST SUPPLY HEADER, LLC | § | JUDGE ROBERT G JAMES |
| | § | |
| VS. | § | Civil Action No. 3:08-cv-01314 |
| | § | |
| 22.50 ACRES LOCATED IN MADISON | § | |
| PARISH, LOUISIANA, AND | § | MAGISTRATE KAREN HAYES |
| UNKNOWN OTHERS | § | |

## DEFAULT JUDGMENT AS TO
## CONDEMNATION OF PROPERTY INTERESTS

This action came on for hearing on the motion of the Plaintiff, Southeast Supply Header, LLC ("SESH"), for Default Judgment [Doc. No. 101] pursuant to Rules 55(b) and 71.1 of the Federal Rules of Civil Procedure. The Court, having considered the Pleadings on file and Plaintiff's Motion for Default Judgment as to Condemnation of Property Interests and the evidence introduced at trial, finds as follows:

1. SESH is a natural gas company as defined by Section 2(a) of the Natural Gas Act (the "Act"), 15 U.S.C. § 717(a)(6). As the holder of a Certificate of Public Convenience and Necessity, SESH is authorized under the Natural Gas Act to exercise the right of eminent domain to condemn needed servitudes and rights-of-way to construct, operate and maintain the Project.

2. This action is governed by section 717f(h) of the Natural Gas Act, which provides, in pertinent part:

> When any holder of a certificate of public convenience and necessity cannot acquire by contract, or is unable to agree with the owner of property to the compensation to be paid for, the necessary right-of-way to construct, operate, and maintain a pipe line or pipe lines for the transportation of natural gas, and the necessary land or other property, in addition to right-of-way . . . it may acquire the same by the exercise of the right of eminent domain in the district court of the United States for the district in which such property may be located, or in the State Courts.

(MA80B)

15 U.S.C. S 717f(h).

3. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, because this action arises under the laws of the United States, and under 28 U.S.C. § 1337, because this action arises under an Act of Congress regulating interstate commerce. Jurisdiction is also proper in this Court pursuant to the Natural Gas Act, 15 U.S.C. § 717f(h). Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

4. SESH filed its Verified Complaint for Condemnation on September 3, 2008, condemning a servitude and right-of-way described in "Exhibit A" hereto across the lands of the Defendants identified in "Exhibit B" hereto, for the purposes of constructing, maintaining and operating the Project.

5. No Defendant is an infant or an unrepresented incompetent person. No Defendant is in military service within the purview of the Servicemembers Civil Relief Act of 2004.

6. Rule 71.1 requires that if a defendant objects to the taking of the property, the defendant must serve an answer within twenty (20) days stating such objections. Fed. R. Civ. P. 71.1(e).

7. More than twenty (20) days have passed since the Defendants were served by publication, and no Defendants have filed an Answer or otherwise appeared in this action. Accordingly, pursuant to Rule 71.1(e)(3), any defenses to the taking are waived.

8. The Court holds (a) in light of the findings of FERC and based on its own assessment that the Project is in the public interest and necessity, as evidenced by the Certificate, other evidence and testimony entered at trial, (b) that the lands as certificated by FERC and described in Exhibit A and being situated, located and lying in Madison Parish, Louisiana, are

needed for the Project, and (c) that condemnation of the Defendants' lands described in Exhibit A hereto is proper.

9. Entry of Default was duly entered by the Clerk on October 24, 2008, pursuant to Rule 55(a) of the Federal Rules of Civil Procedure. SESH has filed its Motion for Default Judgment as to Condemnation of Property Interests pursuant to Rule 55(b), requesting a judgment by default granting it the rights and interests condemned in the Complaint, and title to the servitudes and temporary rights-of-way identified in "Exhibit A" hereto in and across the lands of the Defendants identified in "Exhibit B" hereto (the "Property").

IT IS, THEREFORE, ORDERED that the Plaintiff shall recover against the Defendants a Judgment:

A. Granting SESH a permanent and perpetual right of way and servitude (the "Permanent Right of Way") and a temporary right of way and servitude for work space (the "Temporary Work Space") pursuant to the pipeline alignment approved by FERC, which is described and shown in Exhibit A, under, upon, across and through land owned by the Defendants, which is described in Exhibit B. The Permanent Right of Way described in Exhibit A shall be used for the purposes, presently and at any such time in the future as SESH may elect, of constructing, laying, maintaining, operating, inspecting, altering, repairing, replacing, removing, reconstructing, relocating, or abandoning and/or removing the Pipeline, and any and all necessary or useful appurtenances thereto, in a manner consistent with the FERC Certificate and FERC regulations, for the transportation of natural gas, and all appliances, appurtenances, fixtures, equipment, and facilities, whether above or below ground, deemed by SESH to be necessary or desirable in connection with such pipeline. The Temporary Work Space shall consist of a space parallel and contiguous to the permanent servitude and right-of-way, or other

additional space, as described on Exhibit A, for use by SESH and its employees, contractors or other agents during the construction of the pipeline. On May 31, 2010, the Temporary Work Space will expire and revert to Defendants. SESH shall not acquire through this Judgment any interest in oil, gas or other minerals;

B. Granting SESH the right of limited, reasonable ingress and egress over and across said lands and the use thereof reasonably necessary for the use and enjoyment by SESH of the rights, servitudes and estate sought by SESH;

C. Granting SESH, its agents, employees, and persons, firms and entities doing work for SESH, the right, from time to time, to clear the right-of-way of all trees, undergrowth, and other natural or manmade obstruction that may injure or endanger the Pipeline, appliances, appurtenances, fixtures, and equipment, or interfere with SESH's access to, monitoring of, or construction, maintenance, operation, repair, relocation, and/or replacement of the same;

D. Preserving the Defendants' right to cultivate or otherwise make use of the lands for purposes in a manner which will not interfere with the enjoyment or use of the rights, servitude, and estate granted herein to SESH, but granting SESH the right to reasonably limit access to the Permanent Right-of-Way and Temporary Work Space, and to remove, clear and keep clear therefrom any and all obstructions which may interfere with the use of the Permanent Right-of-Way and Temporary Work Space or the free and full right of ingress and egress thereto. Defendants shall not construct, nor permit to be constructed, any houses, buildings, lakes, ponds, structures or any obstructions on or over the Permanent Right of Way or Temporary Work Space during the term thereof, or any part thereof, as surveyed or finally determined. Also, Defendants shall not alter or change the grade of, fill or flood, the property identified in Exhibit "A" without

consulting with and obtaining approval of SESH if such alterations or changes of grade may interfere with pipeline operations or integrity;

E. Granting SESH the full right and authority to lease, sell, assign, transfer and/or convey to others the Permanent Right of Way or Temporary Work Space, estate, interest, rights, and privileges hereby sought, in whole or in part, or to encumber the same; and

F. After hearing all the evidence in open court during the hearing on compensation, the Court finds that the property interests condemned by SESH have a value of $ $1,870.00. SESH is ordered to deposit that amount into the Court's registry.

SO ORDERED this the 17 day of December, 2008.

_____
UNITED STATES DISTRICT JUDGE

Prepared by:

**Lemle & Kelleher, L.L.P.**

*[signature]*

---
MICHAEL B. DONALD (#16891)
JOSHUA A. NORRIS (#574936)
AMY L. VAZQUEZ (#571728)
Bank of America Center
700 Louisiana Street, Suite 2060
Houston, Texas 77002
Telephone: (713) 225-7800
Facsimile: (713) 247-0024

**ATTORNEYS FOR SOUTHEAST SUPPLY HEADER, LLC**

# Madison Parish, LA
## T15N, R14E, Section 7
Page 1 of 2



| Drawing Legend | Southeast Supply Header, LLC | Centerline and GPS Information |
|---|---|---|
| (Typical workspace boundary diagram) | **Property Of** Everleana Avance et al — Located In T15N, R14E, Section 7 | Point of Commencement: 32° 14' 47.08" N, 91° 00' 49.20" W |
| — PROPOSED PIPELINE LOCATION / ⊂⊃ TRACT NUMBER / -··- WORKSPACE BOUNDARY / = AFFECTED TRACT BOUNDARY / --- PERMANENT RIGHT OF WAY / O GPS SURVEYED POINT | | Point of Entry: From POC proceed N 79° 47' 16.31" W 355 feet to 32° 14' 47.77" N, 91° 00' 53.25" W, being the Point of Entry. |
| | Date Produced: March 10, 2008 — Pipeline Length (Feet): 491 | Point of Exit: From POC proceed S 16° 50' 54.82" E 217 feet to 32° 14' 45.01" N, 91° 00' 48.52" W, being the Point of Exit. |
| | Scale: 1" = 400' — Permanent ROW Acreage: .56 | |
| | ROW File Name: MA 80B — Temporary Workspace Acreage: .80 | |
| | Drawing Name: MA 80B.jpg — Total ROW Acreage: 1.36 | |
| | Drawn By: GEC — Checked By: JBD | |

Note: The permanent easement always extends 25 feet on either side of the pipeline, perpendicular to the pipeline. Angles for temporary workspace adjustments are right angles unless otherwise indicated. Actual dimensions of temporary workspace are as depicted on the plat.

Note: Actual location of easement is determined by the pipeline as installed. Centerline is based on GPS data.
See Exhibit 1 attached hereto for Centerline Calls.

Note: GPS data was taken using UTM Nad 83 datum, units of feet, Zone 15 projection West of the Lawrence/Jefferson Davis County Line and Zone 16 projection East of said County Line.



| Drawing Legend | Southeast Supply Header, LLC | Centerline and GPS Information |
|---|---|---|
| [Workspace Boundary diagram - Typical] | **Property Of** Everleana Avance et al — Located In T15N, R14E, Section 7 | Point of Commencement: 32° 14' 47.08" N, 91° 00' 49.20" W |
| | — PROPOSED PIPELINE LOCATION ⊂⊃ TRACT NUMBER / ··· WORKSPACE BOUNDARY ══ AFFECTED TRACT BOUNDARY / — — PERMANENT RIGHT OF WAY ○ GPS SURVEYED POINT | Point of Entry: From POC proceed N 79° 47' 16.31" W 355 feet to 32° 14' 47.77" N, 91° 00' 53.25" W, being the Point of Entry. |
| | Date Produced: March 10, 2008 — Pipeline Length (Feet): 491 | Point of Exit: From POC proceed S 16° 50' 54.62" E 217 feet to 32° 14' 45.01" N, 91° 00' 48.52" W, being the Point of Exit. |
| | Scale: 1" = 300' — Permanent ROW Acreage: .56 | |
| | ROW File Name: MA 80B — Temporary Workspace Acreage: .80 | |
| | Drawing Name: MA 80B.jpg — Total ROW Acreage: 1.36 | |
| | Drawn By: GEC — Checked By: JBD | |

Note: The permanent easement always extends 25 feet on either side of the pipeline, perpendicular to the pipeline. Angles for temporary workspace adjustments are right angles unless otherwise indicated. Actual dimensions of temporary workspace are as depicted on the plat.

Note: Actual location of easement is determined by the pipeline as installed. Centerline is based on GPS data. See Exhibit 1 attached hereto for Centerline Calls.

Note: GPS data was taken using UTM Nad 83 datum, units of feet, Zone 15 projection West of the Lawrence/Jefferson Davis County Line and Zone 16 projection East of said County Line.

# Exhibit B

# LEGAL DESCRIPTION OF PROPERTY

Commence at the intersection of the Centerline of the Mississippi River Mainline Levee and the East Line of Section 7, Township 15 North, Range 14 East, Madison Parish, Louisiana. Then proceed N 17° 21' 27" W 2276.8 feet along the East line of said Section 7 to a one inch iron pipe, being the point of Beginning, and having Lat Long Coordinates of (32° 14' 47.08" N, 91° 00' 49.20" W). From said Point of Beginning, proceed N 79° 47' 16" 552.76 feet to a one inch iron pipe, then proceed S 18° 59' 36" E 2201.7 feet to the Northern edge of said Mississippi River Mainline Levee. Then proceed Easterly along the meanderings of the Northern edge of said Levee and the East Line of Section 7. Then proceed N 17° 21' 27" W 2185.5 feet along the East line of said Section 7 to the Point of Beginning. The above described tract of land is situated in Section 7, Township 15 North, Range 14 East, Madison Parish, Louisiana, containing 22.50 acres, more or less.